UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

In re:  Case Number: 13-11962-13

    THOMAS J. LUNDGREN,

        Debtor.

---

    MICHAEL FARMS, INC.,

        Plaintiff,

        v.   Adversary Number: 13-138

    THOMAS J. LUNDGREN,

        Defendant.

---

**MEMORANDUM DECISION, FINDINGS OF FACT,
AND CONCLUSIONS OF LAW**

Michael Farms, Inc. ("Plaintiff") filed this adversary proceeding to determine the dischargeability of debt under 11 U.S.C. § 523(a)(4). The Plaintiff's claims are based on the alleged dissipation of assets held under a trust established by the Perishable Agricultural Commodities Act, 1930, § 5(c)(4), as amended, 7 U.S.C.A. § 499e(c)(4) ("PACA"). The complaint alleges that Thomas J. Lundgren ("Debtor" or "Defendant") was the sole officer, director, shareholder, and person in control of the assets of Spud City Sales, LLC ("Spud City"). Further, the complaint alleges that Spud City was a dealer and commission merchant subject to the provisions of PACA. It also alleges that between January 4, 2012, and October 8, 2012, the Plaintiff sold

$123,596.00 of produce to Spud City for which the Plaintiff has never been paid, despite the fact that all of the invoices contained the statutory language required by PACA to enforce the Plaintiff's rights as a beneficiary to a statutory trust. The Plaintiff also claims that PACA shifts the liability for payment to the Defendant by placing him in a fiduciary capacity that is intended to ensure payment of Spud City's debts. Finally, the Plaintiff asserts that the Defendant breached that fiduciary duty.

The Defendant filed a motion to dismiss. He claims that PACA does not impose fiduciary duties on him within the meaning of 11 U.S.C. § 523(a)(4). Further, the Defendant asserts that the Plaintiff has pled insufficient facts to support a claim of defalcation under the Code. The Defendant does not, for the purpose of the instant motion, assert that the Plaintiff was paid for the commodities. The Plaintiff filed a response.

For the reasons set forth below, the Court will deny the motion to dismiss.

### STANDARD FOR DISMISSAL

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d. 868 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d. 929 (2007), state the standard of review for motions to dismiss under Fed. R. Civ. P. 12(b). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Further, a "claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Finally, to survive a Rule 12(b)(6) motion, the factual allegations set forth in the complaint, taken as true, "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In the Seventh Circuit, the standard of review under Rule 12(b)(6) has been explained as follows: "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## SECTION 523(a)(4)

Section 523(a)(4) of the Code provides:

A discharge under section 727. . . of this title does not discharge an individual debtor from any debt—

. . . .

(4) for fraud or defalcation while acting in a fiduciary capacity . . . .

A finding of nondischargeability under this section requires a showing that (1) a fiduciary relationship existed between the plaintiff and the defendant, and (2) fraud or defalcation was committed by the defendant in the course of

3

the relationship. *CFC Wireforms, Inc. v. Monroe (In re Monroe)*, 304 B.R. 349 (Bankr. N.D. Ill. 2004). The issue of whether a defendant is a fiduciary under this section is a question of federal law, not a fact that can be pled. *O'Shea v. Frain (In re Frain)*, 230 F.3d 1014 (7th Cir. 2000). For the purposes of this section, the money or property supporting the debt must have been entrusted to the debtor. A fiduciary relationship in this context can be established either by an express trust or by a statutory trust that possesses the traditional hallmarks of an express trust. *See Follett Higher Educ. Group, Inc. v. Berman (In re Berman)*, 629 F.3d 761, 767-69 (7th Cir. 2011); *In re McGee*, 353 F.3d 537, 541 (7th Cir. 2003); *In re Marchiando*, 13 F.3d 1111, 1115 (7th Cir. 1994). The relevant hallmarks of an express trust are: (1) the trust res must be identified by the statute, (2) the statute must create independent fiduciary duties, (3) the statute must impose a trust on the funds prior to the act creating the debt, and (4) there must be "a difference of knowledge or power between fiduciary and principal which . . . gives the former a position of ascendancy over the latter." *In re Marchiando*, 13 F.3d at 1116; *see In re McGee*, 353 F.3d at 541.

### PACA

PACA is codified in Title 7, Chapter 20A of the U.S. Code. The section applicable to this adversary proceeding is section 499e(c), that provides:

> Trust on commodities and sales proceeds for benefit of unpaid suppliers, sellers, or agents; preservation of trust; jurisdiction of courts.
>
> . . . .

>   (2) Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents . . . .

The Department of Agriculture also promulgated regulations to implement PACA. Those regulation are contained in 7 C.F.R. § 46.46. Under the regulations, trust assets are defined as "made up of perishable agricultural commodities received in all transactions, all inventories of food or other products derived from such perishable agricultural commodities, and all receivables or proceeds from the sale of such commodities and food or products derived therefrom. Trust assets are to be preserved as a nonsegregated 'floating' trust. Commingling of trust assets is contemplated." *Id.* at § 46.46(b). Various other duties also arise under the regulations. For example, dealers and brokers are required to maintain the trust assets in a manner that makes such assets freely available to satisfy PACA obligations. *Id.* at § (d)(1). The trust assets are available for other uses by the buyer or receiver. It is simply the buyer or receiver's responsibility under PACA and the PACA regulations to ensure it has sufficient assets to assure prompt payment for produce and that any beneficiary under the trust will receive full payment. *See C.H. Robinson Co. v. Alanco Corp.*, 239 F.3d 483, 488 (2d Cir. 2001).

5

## DISCUSSION

Section 499e(c)(2) clearly defines the trust res. The fiduciary duties described above are listed in the regulations. These are sufficiently material duties to qualify the trust as an express statutory trust. The trust under PACA arises upon receipt of the perishable goods. 7 U.S.C. § 499e(c)(2). The trust arises whether or not there is a defalcation or dissipation of assets by the buyer, receiver, or agent. *See* 7 C.F.R. § 46.46(a)(1). Accordingly, the Court finds that the PACA trust satisfies the requirements for a trust. *See JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 78 (2d Cir. 1990); *Grede v. FC Stone, LLC*, 485 B.R. 854, 877 (N.D. Ill. 2013).

Moreover, for the purposes of the motion, it is undisputed that the Defendant was the sole officer, director, shareholder, and person in control of Spud City. As such, the Defendant may be held personally liable for amounts owed to the seller from PACA trust assets and the failure to preserve or satisfy the obligations. *Patterson Frozen Foods v. Crown Foods Int'l*, 307 F.3d 666, 669 (7th Cir. 2002).

The Defendant relies heavily on a bankruptcy decision from the Northern District of Illinois for the proposition that a PACA trust does not impose fiduciary duties the breach of which renders debts owed under PACA nondischargeable in bankruptcy. *Quality Food Prods., Inc. v. Bolanos (In re*

*Bolanos)*, 475 B.R. 641 (Bankr. N.D. Ill. 2012)[1]. In that case, the court concluded that a PACA trust does not create a fiduciary capacity within the meaning of section 523(a)(4) because PACA does not create an express trust or its equivalent, and because the relationships in a transaction involving agricultural commodities do not feature a disparity of knowledge or power that would create an implied fiduciary capacity. *Id.* at 646.

Having reviewed the bankruptcy court's decision in *In re Bolanos*, this Court is unpersuaded by its reasoning. In concluding as it did that PACA does not impose an express trust and fiduciary capacities for purposes of section 523(a)(4), *In re Bolanos* took a position that is distinctly in the minority. The majority view, which this Court is convinced is the correct one, is that a PACA trust *does* create fiduciary capacity for purposes of section 523(a)(4). *See, e.g., E. Armata, Inc. v. Parra (In re Parra)*, 412 B.R. 99 (Bankr. E.D.N.Y. 2009); *A.J. Rinella & Co. v. Bartlett (In re Bartlett)*, 397 B.R. 610 (Bankr. D. Mass. 2008); *KGB Int'l, Inc. v. Watford (In re Watford)*, 374 B.R. 184 (Bankr. M.D.N.C. 2007); *Strube Celery & Vegetable Co. v. Zois (In re Zois)*, 201 B.R. 501 (Bankr. N.D. Ill. 1996); *N.P. Deoudes, Inc. v. Snyder (In re Snyder)*, 184 B.R. 473 (D. Md. 1995); *Nuchief Sales, Inc. v. Harper (In re Harper)*, 150 B.R. 416 (Bankr. E.D. Tenn. 1993). The majority view reflects the commercial realities embodied in both the PACA statute and its implementing regulations:

---

[1] The bankruptcy court's decision in *In re Bolanos* was reversed by the district court in an unpublished decision entered on September 13, 2013.

> Producers and shippers of perishable commodities are, for the most part, small size businesses. The process of growing[,] harvesting, packing and shipping perishables is a real gamble; costs are high, capital is tied up in farm land and machinery, and returns are delayed until the crop is sold. If the grower-shipper cannot realize any returns on the sale of the crop when due, he may not be able to survive. Thus, where business failures or reorganizations occur on the part of buyers of their crop, the growers are usually the parties least able to withstand the losses and inevitable delays which result from such actions.
>
> Sellers of perishable agricultural commodities are often located thousands of miles from their customers. Sales transactions must be made quickly or they are not made at all. Many sales are consummated while the commodities are en route to a particular destination. Under such conditions, it is often difficult to make credit checks, conditional sales agreements, and tak[e] other traditional safeguards.

H.R. Rep. No. 98-543, at 3, *reprinted in* 1984 U.S.C.C.A.N. 405, 506. It is precisely this disparity of knowledge and power between the buyer and seller of agricultural commodities that gives the "former a position of ascendancy over the latter" sufficient to create implied fiduciary capacities in the Defendant for purposes of section 523(a)(4).

Because the Court finds that a PACA trust satisfies the requirements of an express trust, and that the Defendant failed to pay Plaintiff as required, the complaint states a claim for relief. The Court will enter an order denying Defendant's motion to dismiss.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

Dated:  December 17, 2013

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge